UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MARCUS KARDOS,

    Plaintiff,

v.

SPRINT NEXTEL CORPORATION,

    Defendant.

Jury Demand

## COMPLAINT AT LAW

Plaintiff, Marcus Kardos ("Kardos"), by and through his attorneys, Caffarelli & Siegel Ltd., complains against Defendant Sprint Nextel Corporation ("Sprint" or "Company") as follows:

### NATURE OF ACTION

1. This is an action for damages and injunctive relief caused by the Company's unlawful termination of Kardos, in violation of Section 105 of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2615 ("FMLA").

### JURISDICTION AND VENUE

2. This Court has jurisdiction of this action under 28 U.S.C. § 1331 and 29 U.S.C. § 2617.

3. The unlawful employment practices described herein were committed within the State of Illinois, at Sprint's store in Gurnee, Illinois. Accordingly, venue in the Northern District of Illinois is proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. Kardos was employed by Sprint from on or about September 2006 until his termination on or about April 21, 2011.

5. Kardos was an "employee" of Sprint within the meaning of 29 U.S.C. § 2611(2)(A) at the time he was terminated.

6. Kardos is an "eligible employee" under 29 U.S.C. § 2611(2)(B)(ii), because Sprint employs more than 50 employees within 75 miles of his worksite.

7. Defendant Sprint is a corporation doing business in the State of Illinois, engaged in an industry affecting commerce with a store located in Gurnee, Illinois. Sprint was the "employer" of Kardos within the meaning of 29 U.S.C. § 2611(4)(A) at all times relevant to this action.

## FACTUAL ALLEGATIONS

8. Kardos began working for Sprint on or about September 2006. At the time he was terminated, Kardos was employed as Lead Retail Consultant. Throughout his employment, Kardos performed his job satisfactorily.

9. In the year prior to April 2011, Kardos worked for Sprint on a full-time basis, and had worked more than 1,250 hours.

10. The Company employs more than 50 employees within 75 miles of its Gurnee, Illinois store.

11. Kardos' mother suffers from Multiple Sclerosis, which makes it difficult for her to care for herself. For example, she is bedridden, and needs assistance getting food and water, taking medication, and/or going to the washroom.

12. At all relevant times, Kardos resided with his parents and would help take care of his mother.

13. During his employment, Kardos would occasionally be late to work because he needed to care for his mother.

14. On these occasions, Kardos would contact his supervisor and inform him/her that he was running late because he was caring for his mother.

15. Kardos informed his supervisors about his mother's Multiple Sclerosis on numerous occasions throughout his employment with Sprint. He told them that his mother has a hard time caring for herself because of her Multiple Sclerosis. He also told them that he has to help care for her, which in turn requires him to be late for work on occasion.

16. For example, in early April 2011, Kardos spoke with the store manager, Natacha Rozewicz, about his mother's Multiple Sclerosis, and how he needs to help care for her. He explained to Rozewicz that his mother was bedridden because of her condition, and needed help with such things as taking medication and going to the washroom.

17. During their conversation in early April 2011, Rozewicz acknowledged that she knew the reason Kardos was occasionally late was because of his mother's situation. They also briefly discussed trying to accommodate Kardos' need to be late on occasion so that he could care for his mother.

18. Kardos' supervisors, including but not limited to Rozewicz, never informed him about the FMLA or provided Kardos with any FMLA forms.

19. On or about April 21, 2011, Kardos contacted Rozewicz or the store's assistant manager, Andrew Langer, and informed her/him that he would be late to work because he was

caring for his mother. Kardos arrived to work approximately 30 minutes after his scheduled start of his shift.

20. On or about April 21, 2011, Sprint terminated Kardos for alleged attendance issues, which included being tardy on days that should have been approved under the FMLA.

21. Based upon the above, the Company unlawfully denied Kardos his rights under the FMLA, and terminated him in violation of the FMLA.

## COUNT I – FAMILY AND MEDICAL LEAVE ACT – FMLA INTERFERENCE

22. Plaintiff incorporates paragraphs 1 through 21, as if fully incorporated herein.

23. By April of 2011, Kardos had been continuously employed by Sprint for over four years, and worked at least 1,250 hours during the preceding twelve months.

24. Kardos's mother is a "parent" as defined by the FMLA, 29 U.S.C. § 2611(7).

25. Kardos's mother's Multiple Sclerosis constitutes a "serious health condition" within the meaning of the FMLA, 29 U.S.C. § 2612.

26. Kardos notified Sprint about his mother's Multiple Sclerosis, and his need to care for her.

27. Kardos was entitled to receive up to twelve (12) weeks of unpaid leave, which could be taken intermittently under the FMLA, in order to care for his mother.

28. Kardos was disciplined by Sprint, including on or about April 21, 2011, because he was late for work as a result of having to care for his mother. His tardiness was for FMLA qualifying reasons on these days.

29. On or about April 21, 2011, the Company terminated Kardos for alleged attendance issues, which included being tardy on FMLA qualifying days. Sprint's failure to inform Kardos about the FMLA, and subsequent decision to terminate him, violates the FMLA.

30. As a direct and proximate result of said acts, Kardos has suffered loss of employment, loss of income, and loss of other employee benefits.

WHEREFORE, Plaintiff Kardos respectfully requests that this Court enter judgment in his favor and against Defendant Sprint by:

A. Declaring that the acts and practices by Defendant Sprint as described herein constitute a violation of the FMLA;

B. Enjoining and permanently restraining these violations of the FMLA;

C. Awarding Kardos back wages and lost benefits due to Defendant's violations of the FMLA;

D. Directing Defendant Sprint to reinstate Kardos to his previous position or, in the alternative, awarding Kardos front pay;

E. Awarding Kardos liquidated damages in an additional amount equal to the sum of the actual damages and interest pursuant to 29 U.S.C. § 2617(a)(1)(A);

F. Awarding reasonable attorneys' fees and costs incurred by Kardos in connection with the instant action; and

G. Awarding Kardos such further and additional relief as the Court may deem just and proper.

## COUNT II – FMLA RETALIATION

31. Plaintiff incorporates paragraphs 1 through 30, as if fully incorporated herein.

32. Kardos was an eligible employee under the FMLA, provided notice of his mother's serious health condition, and informed the Company that he needed to be late to work on occasion in order to care for his mother.

33. Kardos attempted to exercise his rights under the FMLA by informing his supervisors, including but not limited to Rozewicz, that he needed to be late to work on occasion so that he could care for his mother.

34. By terminating Kardos's employment, Sprint retaliated and discriminated against Kardos in violation of the FMLA.

35. As a direct and proximate result of said acts, Kardos has suffered loss of employment, loss of income, and loss of other employee benefits.

WHEREFORE, Plaintiff Kardos respectfully requests that this Court enter judgment in his favor and against Defendant Sprint by:

A. Declaring that the acts and practices by Defendant Sprint as described herein constitute a violation of the FMLA;

B. Enjoining and permanently restraining these violations of the FMLA;

C. Awarding Kardos back wages and lost benefits due to Defendant's violations of the FMLA;

D. Directing Defendant Sprint to reinstate Kardos to his previous position or, in the alternative, awarding Kardos front pay;

E. Awarding Kardos liquidated damages in an additional amount equal to the sum of the actual damages and interest pursuant to 29 U.S.C. § 2617(a)(1)(A);

F. Awarding reasonable attorneys' fees and costs incurred by Kardos in connection with the instant action; and

G. Awarding Kardos such further and additional relief as the Court may deem just and proper.

Dated: February 26, 2013                    Respectfully submitted,

Alejandro Caffarelli, #06239078             MARCUS KARDOS
Bradley Manewith, #06280535
Caffarelli & Siegel Ltd.                    By: /s/ Bradley Manewith
Two Prudential Plaza                            Attorney for Plaintiff
180 North Stetson Ste. 3150
Chicago, IL  60601
Tel. (312) 540-1230                         **JURY DEMAND**
Fax (312) 540-1231                          Plaintiff demands a jury to hear and
Email  info@caffarelli.com                  decide all issues of fact.
Web   www.caffarelli.com

                                            /s/ Bradley Manewith
                                            One of Plaintiff's Attorneys